NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

LINNY S., )
)           Supreme Court No. S-16336
           Appellant,          )
)           Superior Court No. 3AN-14-00287 CN
    v.                          )
)           <u>MEMORANDUM OPINION</u>
STATE OF ALASKA,               )           <u>AND JUDGMENT</u>*
DEPARTMENT OF HEALTH &          )
SOCIAL SERVICES, OFFICE OF      )           No. 1610 – January 25, 2017
CHILDREN'S SERVICES,            )
)
           Appellee.           )
_____ )

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Gregory Miller, Judge.

Appearances: Zach Manzella, Law Office of Zach Manzella, Anchorage, for Appellant. David T. Jones, Senior Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Appellee. Rebecca L. Karstetter, Rebecca L. Karstetter, LLC, Anchorage, Guardian Ad Litem.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

_____

*        Entered under Alaska Appellate Rule 214.

## I. INTRODUCTION

The superior court granted a petition by the Office of Children's Services (OCS) to terminate a mother's parental rights to her daughter. The mother now appeals, arguing that the superior court erred when it found that OCS made active efforts to provide remedial services to prevent the breakup of the family and when it found that the daughter would likely suffer serious emotional or physical damage if returned to the mother's custody. We affirm the superior court's findings and the termination of the mother's parental rights.

## II. FACTS AND PROCEEDINGS

Linny and Adam had a child named Penny in April 2014.[1] The court and the parties treated Penny as an "Indian child" for purposes of the Indian Child Welfare Act.[2] OCS took custody of Penny in July 2014 following reports of parental substance abuse and exposure to domestic violence. Penny is a special needs child who requires regular therapy.

Linny's case plan required her to complete substance abuse treatment and training on parenting and healthy relationships. She began five months of intensive outpatient treatment for alcohol dependence in November 2014 and finished in April 2015. By that time, she had also completed her parenting and healthy relationships training and was consistently visiting Penny. OCS planned to reunify Penny with Linny and was just waiting for Linny's housing application to be approved.

But Adam had been released from jail shortly before Linny finished her treatment, and Linny relapsed before housing arrangements could be made. Adam was arrested and returned to jail in November 2015 for assaulting Linny. Linny continued to

---

[1]    We use pseudonyms to protect the privacy of the parties.

[2]    *See* 25 U.S.C. § 1903(4) (2012).

use alcohol and methamphetamine until January 2016 — three months before trial — when she entered residential treatment for alcohol and substance abuse. According to the OCS caseworker, Linny was engaged and motivated and made better progress when Adam was in jail. But when he reentered her life, she reverted to her substance abuse.

A termination trial was held in April 2016. At the time of trial, Linny had been sober for about three months and had been in intensive outpatient treatment for about a month. The superior court granted OCS's request for termination of parental rights. It found by clear and convincing evidence that OCS made active efforts to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that those efforts were unsuccessful.[3] It also found beyond a reasonable doubt that continued custody of Penny by Linny was likely to result in serious emotional or physical damage to Penny in light of Linny's substance abuse and domestic violence problems.[4]

Linny now appeals.

## III. DISCUSSION

### A. The Superior Court Did Not Err When It Found That OCS Made Active Efforts To Reunite The Family.

Linny first challenges the superior court's finding that OCS made active efforts to provide remedial services and rehabilitative programs designed to prevent the

---

[3]     *See* 25 U.S.C. § 1912(d); CINA Rule 18(c)(2)(B).

[4]     *See* 25 U.S.C. § 1912(f); CINA Rule 18(c)(4). The superior court also made the other required findings for terminating parental rights to an Indian child. *See, e.g.*, *Chloe W. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 336 P.3d 1258, 1264 (Alaska 2014). Because Linny has not contested those findings on appeal, we do not address them here.

breakup of the family and that those efforts were unsuccessful.[5] She argues that this finding was erroneous because OCS did not provide Linny with access to the resources necessary to support Penny's developmental delays and because OCS did not update Linny's case plan to include additional domestic violence awareness or intervention programs even after Linny returned to an abusive relationship. We review whether OCS made "active efforts" as a mixed question of law and fact.[6] "When reviewing mixed questions of law and fact, we review factual questions under the clearly erroneous standard and legal questions using our independent judgment."[7] Because Linny only challenges the superior court's legal conclusions, and not its underlying findings of fact, we apply our independent judgment here.

Linny's arguments are not persuasive. "[T]he active efforts requirement does not require perfection."[8] As we have previously noted, "OCS has discretion in determining what efforts to pursue based on the case plan and the parent's needs."[9] OCS's case plan for Linny included placing her in substance abuse treatment and requiring her to take a healthy relationships class. This case plan was based on OCS's determination that Linny's substance abuse was the underlying cause of Linny's problems

---

[5] *See* 25 U.S.C. § 1912(d); CINA Rule 18(c)(2)(B).

[6] *David S. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 270 P.3d 767, 774 (Alaska 2012).

[7] *Ben M. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 204 P.3d 1013, 1018 (Alaska 2009).

[8] *Pravat P. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 249 P.3d 264, 272 (Alaska 2011).

[9] *Philip J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 314 P.3d 518, 534 (Alaska 2013) (citing *Lucy J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 244 P.3d 1099, 1115 (Alaska 2010)).

and that Adam often triggered that substance abuse. OCS's approach was reasonable under the circumstances, especially given that Linny had struggled with substance abuse for more than half her life. We agree with the superior court that OCS made active efforts to prevent the breakup of the family.

**B.** **The Superior Court Did Not Err When It Found That Returning Penny To Linny's Care Was Likely To Result In Serious Emotional Or Physical Damage To Penny**.

Linny next challenges the superior court's finding that continued custody of Penny by Linny was likely to result in serious emotional or physical damage to Penny.[10] "Proof that a parent having custody is likely to cause a child serious harm requires evidence that (1) the parent's conduct is likely to harm the child and (2) the parent's conduct is unlikely to change."[11] Linny argues that the superior court's finding was erroneous because (1) the superior court discounted evidence of her recent progress and sobriety; (2) she had sufficiently remedied the concerns about domestic violence; and (3) she should have been given more time to remedy her substance abuse. We view these arguments as challenges to the superior court's factual finding that Linny's conduct was unlikely to change, and we therefore review the superior court's determination for clear error.[12]

Linny's arguments here are also unpersuasive. This court has previously noted that "[p]ast addictive behavior and associated parenting failures may be predictive

---

[10]    *See* 25 U.S.C. § 1912(f); CINA Rule 18(c)(4).

[11]    *See Diana P. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 355 P.3d 541, 546 (Alaska 2015).

[12]    *See id.* (explaining that a superior court's substantial harm finding presents a mixed question of fact and law and that we review the superior court's factual findings for clear error and its legal conclusions de novo).

of similar conduct in the future."[13] In this case, the court relied on Linny's past addictive behavior in concluding that her substance abuse was unlikely to change. The evidence also showed that Linny's problems with substance abuse and domestic violence were closely related. Given these facts, the superior court's finding that Linny's substance abuse and domestic violence were likely to continue was not clearly erroneous.

We also note that 21 months passed between when OCS took custody of Penny in July 2014 and the termination trial in April 2016. During that time, Linny continued drinking for about four months, entered treatment for about five months, resumed drinking and drug use for the following nine months, and then reentered treatment three months before trial. Given this history, the court was not required to give Linny more time to remedy her conduct.[14] The superior court's finding that continued custody by Linny was likely to result in serious emotional or physical damage to Penny was therefore not clearly erroneous.

## IV.   CONCLUSION

We AFFIRM the superior court's termination of Linny's parental rights.

---

[13]    *J.J. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 38 P.3d 7, 11 (Alaska 2001).

[14]    *Cf. Amy M. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 320 P.3d 253, 259 (Alaska 2013) (upholding a failure to remedy finding despite a mother's "stated intention to complete treatment, her sobriety while incarcerated, and her attendance at [Narcotics Anonymous] meetings" because these were only "very recent changes"); *T.F. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 26 P.3d 1089, 1093 (Alaska 2001) (upholding a failure to remedy finding despite a mother's "seemingly sincere efforts toward recovery [from her substance abuse] in the weeks before [the termination] trial").